**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**


OMAR J. MIGUEL,

      Plaintiff,

v.                                    CASE NO. 2:11-CV-129-FtM-99DNF

THE BETTER BODY SHOP & USED
CAR FACTORY, INC.,

      Defendant.

_____/


## ORDER

**THIS CAUSE** is before the Court on Defendant's Amended Motion to Dismiss Plaintiff's

Complaint and Motion to Strike  (Dkt. 11).  Plaintiff filed a response in opposition (Dkt. 23).  For

the reasons that follow, the Court will grant Defendant's Motion to Dismiss and deny  Defendant's

Motion to Strike.

### I.  BACKGROUND

As alleged in the Complaint, Plaintiff is from Cuba (Dkt. 1, ¶7).  He was employed by

Defendant as a sales consultant from April 1, 2010 through June 13, 2010.  *Id*. at ¶¶8-9.  While

employed with Defendant, Plaintiff's manager, Blair White, harassed and discriminated against

Plaintiff by stealing customers from Plaintiff, interfering with Plaintiff's work performance,

threatening to terminate Plaintiff, using racial slurs against Plaintiff and hitting Plaintiff on the

buttocks.  *Id*. at ¶10.  Plaintiff complained about White's conduct, but the conduct only became more

severe with each complaint.  *Id*. at ¶¶14, 17.

On Saturday, June 13, 2010, White referred to Plaintiff as a "sp*c" and said he should go back to Cuba.  *Id*. at ¶20.  Plaintiff stopped working with Defendant on the same day.  *Id*. at ¶21.

## II.   PROCEDURAL HISTORY

On November 23, 2010, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC").  *Id*. at ¶31; Dkt. 11, Ex. A.  Plaintiff received a Notice of Rights letter from the EEOC on March 2, 2011 (Dkt. 1, Ex. A).

On March 11, 2011, Plaintiff filed his complaint.  Plaintiff asserts a single claim of discrimination based on national origin and race under Title VII of the Civil Rights Act, 42 U.S.C. §2000e, *et seq*.[1]

## III.   STANDARD

### A.   Fed. R. Civ. P. 12(b)(1)

Dismissing a claim for lack of subject matter jurisdiction is extremely difficult.  *Simanonok v. Simanonok*, 787 F.2d 1517, 1519 (11th Cir. 1986).  "Subject matter jurisdiction can be attacked factually and facially."  *Scelta v. Delicatessen Support Servs., Inc.*, 57 F. Supp. 2d 1327, 1346 (M.D. Fla. 1999).  "If the merits of a plaintiff's cause of action are intertwined with the issue of subject matter jurisdiction, the court is instructed to examine the jurisdictional attack as a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) or . . . [Rule 56]."  *Id*. (citation omitted).

### B.   Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss, a pleading must include a "'short and plain statement showing that the pleader is entitled to relief.'"  *Ashcroft, et al. v. Iqbal, et al.*, 129 S. Ct. 1937, 1949,

---

[1]  Plaintiff also references the Florida Civil Rights Act of 1992, §760.01, *et seq*., Florida Statutes (Dkt. 1, ¶¶1, 33).  Plaintiff, however, did not file a separate claim under the state statute.

173 L. Ed. 2d 868 (2009)(quoting Fed. R. Civ. P. 8(a)(2)).  Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient.  *Id.* (citing *Bell Atlantic Corp, et al. v. Twombly, et al.*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  Mere naked assertions, too, are not sufficient.  *Id.*  A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face."  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citation omitted).  The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint.  *Id.* at 1950.  Therefore, "only a claim that states a plausible claim for relief survives a motion to dismiss."  *Id.* (citation omitted).

## IV.   LEGAL ANALYSIS

Defendant argues that the Court lacks subject matter jurisdiction to hear Plaintiff's claim because Plaintiff failed to exhaust his administrative remedies.  Defendant contends that the allegations in Plaintiff's complaint were not included or reasonably related to the allegations of national origin and race discrimination in the EEOC Charge. As alternative relief, Defendant seeks to strike all allegations from the complaint that are not claims of race or national origin discrimination. Defendant also seeks the dismissal of Plaintiff's claim under Title VII because he failed to state his race, the race of his manager or the race of any other employees that were treated differently than he was.  Defendant further argues that Plaintiff did not properly plead allegations to support a claim for punitive damages.

Plaintiff contends that he exhausted his administrative remedies by filing a complaint with the EEOC and receiving a Notice of Rights letter.  Additionally, Plaintiff argues that he complied

with the requirements of Fed. R. Civ. P. 8 when he filed his complaint for Title VII discrimination and punitive damages.

### A.     Fed. R. Civ. P. 12(b)(1)

"'A plaintiff''s charge filed with the EEOC need not be identical to the subsequently filed judicial action.'" *Scelta*, 57 F. Supp. 2d at 1346 (quoting *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989)). As long as the allegations in the complaint and the EEOC charge are reasonably related, and no material differences exist between the two, the court will entertain the allegations. *Wu*, 863 F.2d at 1547 (citations omitted); *Palisano v. City of Clearwater*, 219 F. Supp. 2d 1249, 1259 (M.D. Fla. 2002)(same).

In the EEOC Charge, Plaintiff alleges that he, as a Hispanic from Cuba, was discriminated against by White based on his national origin and race (Dkt. 11, Ex. A). Plaintiff states that White referred to him as a "spic" and harassed him on a daily basis to the point where he could no longer continue working because he could not endure the emotional abuse. *Id*. In the complaint, Plaintiff states that White also discriminated and harassed him by stealing his customers, interfering with his work performance, threatening to terminate him, and hitting him on the buttocks (Dkt. 1, ¶10). The allegations generally refer to White's mistreatment of Plaintiff while Plaintiff was employed with Defendant. As such, the Court finds that the allegations in the complaint are reasonably related to the statements in the EEOC Charge. Defendant's motion to dismiss for lack of subject matter jurisdiction will be denied.

In the alternative, Defendant requests that the Court strike the allegations in the complaint that are not complaints of race or national origin discrimination. Under Fed. R. Civ. P. 12(f), the Court may strike redundant, immaterial, impertinent or scandalous matter from a pleading. A

motion to strike is usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.  *Bardales v. Cooperative De Seguros Mutliples De Puerto Rico*, No. 8:11-cv-1862-T-24-EAJ, 2011 WL 5080394, at \*1 (M.D. Fla. Oct. 25, 2011)(citing *Scelta*, 57 F. Supp. 2d at 1347)). As noted previously, the allegations in the complaint are related to Plaintiff's claim of race and national origin discrimination.  As such, the Court will not strike the allegations in the complaint.

### B.     Fed. R. Civ. P. 12(b)(6)

To state a claim for discrimination under Title VII, a plaintiff must allege that: 1) he belongs in a protected class; 2) he was qualified for the job; 3) he suffered an adverse employment action; and 4) his employer treated similarly situated employees outside of his protected class more favorably.  *Hopkins v. Saint Lucie County Sch. Bd.*, 399 Fed. Appx. 563, 564 (11th Cir. Oct. 13, 2010)(citing *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008)).

In his complaint, Plaintiff alleges that he is a member of a protected class, Cuban (Dkt. 1, ¶7).  Plaintiff states that he was a sales consultant and he suffered an adverse employment action, namely harassment, threats of termination and ultimately constructive termination on June 13, 2010. *Id.* at ¶¶9-17, 20-21.  Plaintiff makes no reference to his employer's treatment of other employees outside of his protected class.  *See Hopkins*, 399 Fed. Appx. 564 (dismissing a race discrimination claim because the plaintiff failed to provide facts that would allow a court to infer that the defendant treated those outside of the plaintiff's protected class more favorably).  As such, the Court will dismiss Plaintiff's complaint, with leave to amend.[2]

---

[2] Because the Court is giving  Plaintiff leave to file an amended complaint, it will not address the arguments relating to punitive damages.

The Court notes that Plaintiff's single claim for race and national origin discrimination makes allegations to support a possible claim for harassment or hostile work environment.[3] However, Plaintiff has not asserted a claim for harassment or hostile work environment in his complaint. Combining legal claims in a single count is a basis for dismissing a complaint as a shotgun pleading.[45] Plaintiff is cautioned that he must comply with Fed. R. Civ. P. 8 when amending his complaint.

Accordingly, it is hereby **ORDERED** as follows:

1.      Defendant's Amended Motion to Dismiss Plaintiff's Complaint and Motion to Strike (Dkt. 11) is **GRANTED in part** and **DENIED in part**. Defendant's Motion to Dismiss is **GRANTED,** as Plaintiff has failed to state a claim for discrimination. Defendant's Motion to Strike is **DENIED**.

---

[3] Plaintiff states that he was "constantly and continuously harassed" (Dkt. 1, ¶10), suffered as a result of White's disregard of a medical condition, *id*. at ¶15, was "intimidated, humiliated, and in fear of losing his job," *id*. at ¶16, and endured severe and physical conduct and abuse from White, *id*. at ¶17-19, 21. These allegations, along with several others, appear to be a basis for Plaintiff to assert a claim for "intimidating hostile work environment that was not only offensive and severe, but also physically threatening and humiliating." *Id*. at ¶23.

[4] A shotgun pleading is a pleading that includes several causes of action, each with its own legal standard, into a single count. *Ledford v. Peeples,* 605 F.3d 871, 892 (11th Cir. 2010)(*vacated on unrelated grounds*, 620 F.3d 1345 (11th Cir. 2011)); *see Apothecary Development Corp. v. City of Marco Island, Fla.*, No. 2:10-cv-392-FtM-36DNF, 2011 WL 1071448, at *2 (M.D. Fla. Mar. 18, 2011); *Arroyo v. Judd*, No. 8:10-cv-911-T-23TBM, 2010 WL 2465173 (M.D. Fla. June 15, 2010).

[5] The elements for claims of race discrimination and harassment or hostile work environment are not the same. *See Crawford*, 529 F.3d at 970 (elements for Title VII discrimination); *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002)(elements for Title VII harassment); *Green v. Union Foundry Co.*, 281 F.3d 1229, 1231 (11th Cir. 2002)(complaint alleging claims for Title VII harassment and discrimination).

2.       Plaintiff is granted leave to file an Amended Complaint within **FOURTEEN (14)**

**DAYS** from the date of this Order.

**DONE AND ORDERED** at Ft. Myers, Florida, on February 1, 2012.

Charlene Edwards Honeywell
United States District Judge

**COPIES TO**:
COUNSEL OF RECORD